IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory L. Blanding,)<br>)<br>Plaintiff,)<br>vs.)<br>)<br>Warden Michael McCall; Associate Warden)<br>Stephen R. Claytor; Associate Warden)<br>Flo Mauney; Major D. Bush; K. Burgess, R.N.;)<br>Dr. Benjamin Lewis; SC Department of)<br>Corrections,)<br>)<br>Defendants.)<br>_____) | C/A No.: 0:11-1144-JFA-PJG<br><br><br>ORDER |

The *pro se* plaintiff, Gregory L. Blanding, brings this action pursuant to 42 U.S.C. § 1983 seeking money damages and injunctive relief for his allegations that the defendants violated his constitutional rights by failing to provide certain medical care.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that the court should summarily dismiss defendant South Carolina Department of Corrections (SCDC) from this action. The Magistrate Judge also directs service of the complaint on the remaining defendants. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

The plaintiff was advised of his right to submit objections to the Report and Recommendation. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Magistrate Judge properly discerns that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." The South Carolina Department of Corrections is not a "person" within the meaning of 42 U.S.C. § 1983. An inanimate object such as a building, facility, and grounds does not act under color of state law and cannot be a person for purposes of a § 1983 damages action. Likewise, use of the term "staff" or the equivalent, without a specific named staff member, is not adequate to state a claim against a person under §1983.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed without prejudice and without issuance and service of process as to only defendant South Carolina Department of Corrections.

This case shall be returned to the Magistrate Judge for further proceedings consistent with the service of process on the remaining defendants.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*
Joseph F. Anderson, Jr.
United States District Judge

July 22, 2011
Columbia, South Carolina